TAYLOR, Plaintiff-Appellee, v FAVORITO, ET. AL., Defendants-Appellants.

ROZAK, Plaintiff-Appellee, v FAVORITO, ET AL., Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 20552-20553.   Decided April 14th, 1947.

Harrison, Thomas, Spangenburg & Hull, Cleveland, for plaintiffs-appellees.

Land & Land, Cleveland, John B. Oviattt, Cleveland, for defendants-appellants.

## OPINION

By SKEEL, J.

These appeals on questions of law come to this court from a final order of the common pleas court overruling the defendants' motion for judgment at the conclusion of the plaintiffs' case. The two cases presenting identical questions were tried together in the common pleas court and the appeals in this court were heard together.

The court at the conclusion of plaintiffs' case overruled the defendants' motion for a directed verdict to which the defendants excepted and as defendants' case got under way a mistrial was declared by the court and the case was returned to the assignment room for future trial. This appeal by defendants is on the claimed error of the court in not entering judgment for them at the conclusion of plaintiffs' case.

The respective petitions allege that the defendant, Local 450 U. F. W. A.-CIO is an unincorporated voluntary association which had an agreement as a labor union with The E. F. Hauserman Company and that the plaintiff was a member of such union; that all of the defendants with other persons unknown to the plaintiff, conspired to deprive him of his right to continue to work for The E. F. Hauserman Company and to achieve such unlawful purpose wrongfully suspended him from membership in said Union.

The petition further sets forth Art XI of the Constitution of the Union, providing that if any member of the "Local" is accused of an offense against the Constitution, By-Laws or the general good and welfare of the Local or the International Union, he should be accorded a fair and impartial trial by the Local Union and then provides the rules for appeal to the Board of International Union if such member feels aggrieved by the results of such trial. The petition then alleges that the defendants conspired to and did suspend the plaintiff without trial and without filing charges against him as provided by the Constitution, and thereupon notified his employer of his suspension from membership in the Union whereby he was damaged by the loss of his job and the right to work for The E. F. Hauserman Company.

The defendants answers admit that defendant Local 450 U. F. W. A.-CIO is an unincorporated voluntary association and then denies all of the other allegations of the petition. The defendant, Vincent Favorito, testified that he was Area Administrator of the Union; defendant Charles Baxter was Shop

Steward of the Union in the Hauserman Co.; Defendants Samuel, Kovacic and Vidmar were designated as an Investigating Committee to concern themselves with the conduct of plaintiffs as members of the Union, and the defendant, Robert G. Powell was local representative and assistant to the defendant Favorito.

The plaintiffs' evidence discloses that both plaintiffs were employees of The E. F. Hauserman Company; Taylor having been employed there about ten years and Rozak about fifteen years. The E. F. Hauserman Company had a contract with Local No. 450 U. F. W. A.-CIO as the bargaining agent of its employees. Each of these plaintiffs were members of the Union, which membership was necessary if they were to retain their jobs because the contract of the U. F. W. A. Local 450 Union with the Company provided for a "closed shop." The provision of the contract providing therefor reads as follows:

"Any employee not accepted for membership by the Union or suspended by the Union on majority vote of the Union membership, on written request of the Union, shall be discharged. Any employee discharged under such circumstances may later be reinstated if the Company and Union mutually agree to such reinstatement. Any such discharge shall be a discharge for good cause and such employee shall forfeit all his senior-ity."

The Constitution of Local 450 U. F. W. A.-CIO in dealing with disciplinary action of the Union that could be taken against its members provided, as pleaded by the plaintiffs and admitted by defendants:—

"Sec. 1. If any member of this local Union is accused of offense against the Constitution, By-Laws or the general good and welfare of this local, or the International Union, he shall be entitled to a fair and impartial trial by this local Union, the offense for which he is charged is to be presented in writing to the Executive Board of the Local by the member making the charge who at the time must be a member in good standing of the United Furniture Workers of America. A copy of such charges is to be given to the member under charges by the Recording Secretary * * * ."

These plaintiffs who had good work records with their employer were separated from their employment by The E. F.

Hauserman Company because of the request of the Union by letter dated November 30, 1944, which was as follows:

"November 30, 1944

The E. F. Hauserman Company
6800 Grant Avenue
Cleveland, Ohio.
        Attention: Mr. W. C. Mason, Personnel Director
Dear Mr. Mason:
    This letter is to notify you that John Rozak, No. 31 and John Taylor No. 74, have been temporarily suspended from the Union.
    Since John Rozak and John Taylor are no longer in good standing, we request that they be relieved of their duties until further notice.

                    Very truly yours
            (signed)    Vincent Favorito
                    Area Administrator
                    U. F. W. A.-CIO Local 450."

    The first time that the plaintiffs were aware that charges were being considered or had been filed against them by the Union was when they were so advised by their employer and discharged from their employment on Dec. 1, 1944.

    The plaintiffs received copies of the first set of charges which were dated Dec. 8, 1944 (designated at the beginning as 'partial list of charges') by letter sent registered mail dated Dec. 13, 1944. The charges therein set forth were as follows:

"1.  Being a chronic disrupter.

2.  Revealing the internal affairs of the Union to sundry organizations whose interests are diametrically opposed to the good and welfare of the Union.

3.  Infidelity to the Union and its officers.

4.  Violation of the oath of obligation.

5.  Aiding and abetting in a conspiracy to disrupt and thereby weaken the security of the Union.

6.  Impugning the integrity of the executive board of the Union.

7.  Consorting with and seeking the aid and counsel of sundry outside organizations whose interests are diametrically opposed to the good and welfare of the Union.

By Investigating Committee
Local 450 U. F. W. A.-CIO
Frank Samuel
Tony Vidmar
Emil Kovacic"

On December 30, 1944, insofar as the plaintiff Taylor was concerned, and on January 3, 1945, as to plaintiff Rozak, identical letters were sent to them by the secretary of the union on union stationary inclosing copy of charges:

"On which you will be tried at the next executive board meeting to be held on Tuesday, Feb. 22, 1945 at 7:30 P. M. * * *"

The charges which were dated Dec. 30, 1944, were as follows:
"Witnesseth: We, the undersigned Investigating Committee * * * do hereby charge John Rozak with violation of Art XXVIII of the International Constitution of the United Furniture Workers of America-CIO. We also charge John Rozak with employing outside agents to threaten the future security and good and welfare of the union in an effort to intimidate and coerce certain officers of the union to deter them from following the authorized procedure as detailed under Art. XXVIII of the International Constitution of the, United Furniture Workers of America-CIO.
Investigating Committee
Emil Kovacic
Tony Vidmar
Frank Samuel."

An examination of Art. XXVIII of the Constitution of U. F. W. A.-CIO discloses that it is entitled "Appeals" and the only possible section that could have any bearing on the rights or duties of either the Union or these plaintiffs in the present controversy is Sec. 6 which provides as follows:

"In no case shall a member or subordinate body appeal to a civil court for redress until he or it has exhausted his or its rights of appeal under the laws of this International Union. Any violation of this section shall be cause for summary sus-

pension or expulsion, or for revocation of Charter by a two-thirds vote of the General Executive Board."

The plaintiff's testimony including the documentary evidence as well as the testimony of defendants under cross-examination, tends to establish that neither of the plaintiffs had any notice that charges had been prepared against them until they were discharged from their jobs on Dec. 1, 1944, such discharge from their work occurring as a result of their being suspended from membership in the Union.

Written charges were not served upon them until Dec. 13, 1944, which was two weeks after they had lost their jobs. Plaintiffs were not afforded a trial of any kind before they were suspended and no trial was had upon the charges first served on them at any time and on Dec. 30, 1944, Taylor received a new set of charges and on Jan. 3, 1945 Rozak received a like set of charges which referred to matters that did not take place until after the first charges had been served on them and they had been relieved of their employment; the gravamen of the second charges being that they had hired a lawyer to represent them in the controversy ·between themselves and the Union and at no time was there "a vote of the Union membership" on the question of their suspension as required by the Union contract with the E. F. Hauserman Co.

In all of the foregoing, each individual defendant took some part in bringing about the suspension of plaintiffs from the union without trial, accomplishing the intended result that both plaintiffs lost their jobs with the Hauserman Co.

The claims of defendants are:

1. That the evidence conclusively shows that the plaintiffs had not exhausted their rights within the Union before resorting to these actions in the court.

2. That there is no evidence of conspiracy to deprive plaintiffs of their right to work and preserve their seniority rights built up by long years of faithful service in The E. F. Hauserman Company.

The first of these questions has been heretofore decided by this court in the case of **Pfoh v Brotherhood of Locomotive Engineers, 43 Abs 417** (1945) where it was held:

"That in case of wrongful expulsion of a member from such an organization as the Brotherhood of Railroad Trainmen, the expelled member may sue for damages without first prosecuting his remedy by appeal within the body, is well established."

O. Jur. Vol. 24, p. 635.

American Juris. Vol. 31, p. 865.

The authority last cited in Vol. 4, page 476 declares the rule to be as follows:

"While there are some contrary holdings, the weight of authority is to the effect that a member wrongfully expelled or suspended from an association may abandon all claims to reinstatement and resort to an action for damages for the injury inflicted upon him by such action."

See also, Smith v International Printing Pressmen & Assistants of America, Court of Civil Appeals, Texas, Nov. 1945, 190 S. W. (2d) 769.

The plaintiffs after being suspended, without trial from membership did not desire to appeal such claimed unlawful actions and therefore gave up all claim of membership in the Union, and now seek no remedy as a member and therefore they have the legal right to maintain this action wherein it is claimed that they were damaged by being wrongfully suspended and then expelled from its membership through the alleged conspiracy to accomplish that purpose by defendants.

Coming now to the question of whether there is sufficient evidence of a conspiracy to injure the plaintiffs on the part of defendants, to require such issue to be submitted to a jury. The right to work is a fundamental property right, and where a labor union organized to represent and protect the rights of its members with their employers assumes the right to determine who shall be employed by an employer, such union in dealing with its members on the question of their right to maintain membership so that they can keep their places of employment, owes the duty to afford such members the complete protection of the rules set forth in its Constitution and By-Laws adopted by it to govern disciplinary measures taken against members.

In the case of Dragroa v Federal Labor Union, 136 N. J. Eq. 172, 41 A. (2d) 32 (Feb. 1945) in considering the question of the right of a member of a labor union to be afforded a fair trial before disciplinary action is taken, held:

"Where the organic law of a labor union ordains that an accused member shall have the substantial right to know the nature of the charges made against her and an opportunity to be heard thereon, such quasi-judicial proceeding need not be conducted with the formality and established precision of

our public courts, but in material respects the procedure should be reasonably consonant with our accepted conception of due process of law. Natural justice requires that reasonable notice, a hearing and an opportunity to present defenses must precede condemnation."

In the case of Williams et al v International Brotherhood of Boilermakers, Iron Shipbuilders and Helpers of America, 165 Pac. (2d) 903 (Cal. Sup. Ct. 1946) the court held:

"The right of an individual worker to protection against arbitrary and discriminatory exclusion from union membership should be recognized wherever membership is a necessary prerequisite to work since the public interest is involved."

See also:
Coleman et al v O'Leary, 58 N. Y. S. 812.
Supreme Court Special Term, N. Y. County, (Oct. 1945).

Here the Constitution provided for a "fair and impartial trial by the local union." The evidence tends to establish that the plaintiffs were caused to be discharged by action of the defendants and the penalty of not being a member, to-wit, resulting in the loss of their right to work, was imposed even before a copy of the charges against them had been served on them, to say nothing about the failure to afford them a "fair and impartial trial" or to have the question of whether or not they should be suspended determined by a majority vote of the membership of the Union. In bringing about this result there is evidence in the record tending to establish that all of the defendants had taken some part.

In the case of **Richards v State, 43 Oh Ap 212,** the court in defining a conspiracy, said:

"As a general rule, conspiracy is usually proved by proof of separate acts of several persons concentrating on the same purpose or particular object to be attained; and the greater the secrecy that is observed relative to the object of such occurrence and the more apparent the similarity of the means employed to effect the object, the stronger is the evidence of conspiracy. And where it is proved by their conduct that the alleged conspirators were pursuing the same object by the same means, each performing a different part of the act with a view of its attainment, it may be concluded that the parties were engaged in a conspiracy to effect that object and a jury would be justified in so finding."

532

We conclude, therefore, that the trial court was correct in overruling the defendants' motion for judgment at the conclusion of plaintiffs' cases. The judgment is affirmed.

HURD, PJ, and MORGAN, J, concur.